

Molly M. Winston
Trial Attorney
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Honorable Thomas O. Rice

| | |
|---|---|
| United States,<br><br>                    Plaintiff,<br><br>    v.<br><br>Kevin John Audett,<br><br>                    Defendant. | No. 2:22-CR- 00069-TOR-1<br>     2:22-CR- 00012-TOR-1<br><br>Sentencing Memorandum and<br>Probation Revocation Brief |

TABLE OF CONTENTS

I. Introduction ..................................................................................................... 1

II. Procedural Background ................................................................................... 1

    A. Montana's predicate "felony" conviction resulted in a sentence of three years of probation. ........................................................................................ 1

    B. Pretrial release has been a time for Mr. Audett to become a father and prove his commitment to success. ............................................................... 1

III. Discussion ....................................................................................................... 2

    A. A brief lapse in judgment should not derail Mr. Audett's progress. ....... 2

    B. Traumatic brain injuries have physical and mental consequences. ........ 3

    C. Mr. Audett is employable and works difficult labor jobs. ..................... 4

    D. Becoming a father has further incentivized Mr. Audett to strictly adhere to all conditions of pretrial release and probation. ................................. 5

    E. Mr. Audett's criminal history is mild. .................................................... 6

    F. Substance abuse is no longer an issue for Mr. Audett. .......................... 6

    G. A supportive network of family and friends will continue to have Mr. Audett's back. ......................................................................................... 7

IV. Conclusion ....................................................................................................... 8

## I.  Introduction

Mr. Audett found ammunition on his worksite and placed it in his vehicle thinking it would be safer in his vehicle that accessible to the public on the street. He accepts responsibility for this lapse in judgment and asks the Court sentence him to a period of supervised release rather than incarcerating him.

## II.  Procedural Background

### A.  Montana's predicate "felony" conviction resulted in a sentence of three years of probation.

Mr. Audett was sentenced to three years of probation for sale or receipt of solen vehicles on December 8, 2021. At the time of his Montana sentencing he had been on pretrial release without incident. He began probation in Montana on December 8, 2021.[1] In January 2022, Mr. Audett's probation was transferred from Montana to the Eastern District of Washington. U.S. Probation filed a probation violation petition January 26, 2022 and a warrant was issued. Mr. Audett was arrested February 2, 2022 and released February 7, 2022.[2]

### B.  Pretrial release has been a time for Mr. Audett to become a father and prove his commitment to success.

On June 7, 2022 Mr. Audett was indicted on a new charge for possession of ammunition, the same conduct previously charged as a probation violation. He was

---

[1] *See* ECF No. 5 (2:22-CR-00012-TOR-1).
[2] *See* ECF No. 23 (2:22-CR-00012-TOR-1).

Sentencing Memo
– 1 –

arrested and released on June 9, 2022 and has remained on pretrial released since that date. His compliance with pretrial release conditions has been spectacular for over a year now. Mr. Audett has been incredibly productive and successful on pretrial release since June 2022. He maintains contact with probation, continues to have stable employment and housing and takes care of his partner and newborn baby.[3]

### III. Discussion

**A.    A brief lapse in judgment should not derail Mr. Audett's progress.**

Ammunition was found in Mr. Audett's car. He accepted responsibility for possessing the ammunition from the time it was found and deeply regrets his decision to pick it up. As explained by Mr. Audett to law enforcement in January 2022, the ammunition was found on a worksite and belonged to a fellow construction worker. Mr. Audett noticed the ammunition was left by the worker in plain view close to a public street. As Mr. Audett explains, in the moment he felt he was doing a service to the community to put the ammunition in his car rather than leaving it on the street where it could go into the wrong hands. In hindsight, he wishes he did not pick it up. His intent was to return the ammunition to its rightful owner the next time he could, but that opportunity did not arise before law enforcement found the ammunition in his car. Mr. Audett made a mistake and deeply regrets this lapse in judgment. The nature and

---

[3] *See* ECF No. 30, ¶5.

circumstances of this offense serve as mitigation in this instance. *See* 18 U.S.C. §3553(a)(1).

**B.    Traumatic brain injuries have physical and mental consequences.**

In 2007 Mr. Audett was found face down after being ejected from a car. He broke his neck in four spots, his back in one spot, and had to wear a halo neck brace for approximately six months. He was in a coma for approximately two weeks, a wheel chair for a month, and had to re-learn how to walk over the next year. He then had a traumatic brain injury (TBI) in 2019 when he fell off a motorized skateboard without a helmet. He was hospitalized at Sacred Heart Hospital and went to rehabilitation at St. Lukes to re-learn how to do basic daily activities. These accidents have had a significant and long-term impact on Mr. Audett's life. Mr. Audett feels his TBIs have a significant impact on connection to memories, ability to recall names and dates, and also effect his judgment and impulsivity. Mr. Audett's history and characteristics, including his TBIs and their ability to effect decision-making, should be considered in mitigation of Mr. Audett's sentence. *See* 18 U.S.C. §3553(a)(1). Below are photos of Mr. Audett during his recovery from his accident and TBI:

### C. Mr. Audett is employable and works difficult labor jobs.

Despite his accidents and physical and mental setbacks, Mr. Audett has persisted in furthering his skills and experience to make a living. He obtained his Journeyman Certificate as well as a real estate license and has worked in the real estate and construction industries most of his life. Mr. Audett plans to continue work in the construction industry to support his family after this case concludes. He is the sole breadwinner for his significant other and child who live with him in Medical Lake, Washington at a house he recently purchased. Recently, he has been working labor jobs in the construction industry and is readily employable.

Sentencing Memo
– 4 –

**D.    Becoming a father has further incentivized Mr. Audett to strictly adhere to all conditions of pretrial release and probation.**

After a high-risk pregnancy and C-section delivery, Mr. Audett is the proud father of a baby girl born January 4, 2023. Mr. Audett's partner, Meredy, suffers from a bicuspid aortic valve and ascending aorta dilation. She is under close supervision because she will need surgery as soon as her aorta reaches a certain unsafe diameter. This condition made her delivery high risk and complicated her postpartum recovery. Mr. Audett was able to care for both Meredy and their baby over the past six and a half months and they are both healthy and doing well now. Mr. Audett has a new sense of purpose now that he is a father and is more motivated than ever to be successful.




Although Mr. Audett is thankful for the time he has had with his significant

Sentencing Memo
– 5 –

other and child on pretrial release, he is fearful of all of the moments he may miss out on if incarcerated. If Mr. Audett is incarcerated he is likely to miss his only child's first steps, first words, and other firsts that may arise by the time she turns one in January 2024 and 2 in January 2025. Due to Meredy's health issues, this will be their only child and he will never be able to experience those firsts again.

### E. Mr. Audett's criminal history is mild.

The totality of Mr. Audett's criminal history is non-violent. While technically his Montana conviction is a predicate felony, his sentence was three years of probation due to the mitigating factors of his offense and his minor role. Mr. Audett has paid his restitution towards in Montana case on a monthly basis since January 2022. Mr. Audett has made at least 16 payments of $200, for a total of at least $3600 towards his Montana restitution. If he is incarcerated, he will not be able to make restitution payments. When considering 18 U.S.C. §3553(a)(2)(C), the Court should conclude there is no need protect the public from Mr. Audett.

### F. Substance abuse is no longer an issue for Mr. Audett.

Mr. Audett has had no positive drug test results since he had a brief relapse after he was found with ammunition in January 2022, approximately a year and a half ago now. No treatment was recommended and Mr. Audett has since remained sober. Although in his prior life he had some issues with controlled substances, that's a thing of the past. He now had a baby to focus on who has provided him with extreme

motivation to stay on track with his sobriety. When considering 18 U.S.C. §3553(a)(2)(D), the Court should conclude Mr. Audett does not need substance abuse treatment services and spending tax payer dollars on incarceration and programming is not necessary in this matter.

Not only is he beyond the need for programming, but he is ready to give back and participate in the HCA Peer Support Program[4] as a counselor to help other people not make some of the mistakes that he's made in his past. He has already completed a Certified Peer Counselor Pre-requisite Training[5] and submitted an application to be a peer counselor. It is important to Mr. Audett to give back to the community.

### G. A supportive network of family and friends will continue to have Mr. Audett's back.

Mr. Audett has a strong and supportive network of family and friends including his mother, father, brother, significant other, and AA network.[6] Five of these supportive people have written letters in support of Mr. Audett and several are expected to attend the sentencing hearing.[7] Pictured below is Mr. Audett with his family while on pretrial release:

---

[4] *See* Peer support, Washington State Health Care Authority, https://www.hca.wa.gov/billers-providers-partners/program-information-providers/peer-support (Last accessed June 27, 2023).
[5] *See* Ex. F.
[6] *See* Exs. A, B, C, D, and E.
[7] *Id.*



The people that support Mr. Audett are stable, loving, and positive influences. Mr. Audett will continue with AA and regular contact with his sponsor to make sure he stays on track.

## IV.  Conclusion

This possession of ammunition was Mr. Audett's first issue on probation and he is now established with family, employment, and housing in Spokane.  He has worked hard to prove himself over the last 18+ months and done exceptionally well. A sentence of incarceration at this point will not further deter criminal conduct or advance any of the goals of sentencing. Mr. Audett respectfully recommends that he be sentenced to time served, community service, and 3 years of supervised release in both 2:22-CR-00069-TOR-1 and 2:22-CR- 00012-TOR-1 to run concurrent for the same underlying conduct.

Dated: June 27, 2023.

Federal Defenders of Eastern Washington & Idaho
Attorneys for Kevin Audett

s/Molly M. Winston
Molly M. Winston, WSBA #50416
10 North Post Street, Suite 700
Spokane, Washington 99201
(509) 624-7606
molly_winston@fd.org

### Service Certificate

I certify that on June 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Earl Allan Hicks.

s/Molly M. Winston
Molly M. Winston, WSBA #50416
10 North Post Street, Suite 700
Spokane, Washington 99201
(509) 624-7606
molly_winston@fd.org